IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BILLY DON MENEFIELD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0095 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S
MOTION TO DISMISS and TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Petitioner BILLY DON MENEFIELD has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state court conviction and sentence. It is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Consequently, respondent's motion to dismiss should be GRANTED, and the habeas corpus application filed by petitioner should be DISMISSED.

I.
PROCEDURAL HISTORY

On May 3, 2007, petitioner was indicted in Wheeler County, Texas for the offense of possession of a controlled substance, namely cocaine, in an amount of less than one gram. *State v. Menefield*, No. 4375. On February 22, 2010, a jury found petitioner guilty and, on February 23,

2010, the trial court set petitioner's punishment at twelve (12) years imprisonment and a $5,000 fine. On February 24, 2010, counsel was appointed to represent petitioner on appeal. No notice of appeal was ever filed on petitioner's behalf.

On May 12, 2010, petitioner, represented by the same attorney who had been appointed for his direct appeal, filed a state application for a writ of habeas corpus alleging ineffective assistance of appellate counsel due to her failure to file a notice of appeal. On August 25, 2010, the Texas Court of Criminal Appeals granted petitioner an out-of-time appeal. *In re Menefield*, App. No. WR-74,194-01.

On September 2, 2010, the trial court appointed new appellate counsel to represent petitioner. On September 27, 2010, new counsel filed a direct appeal challenging petitioner's conviction and sentence. On June 10, 2011, the Court of Appeals for the Seventh District of Texas, addressing one of petitioner's three grounds, reversed petitioner's conviction and remanded the case for a new trial. *Menefield v. State*, No. 07-10-0378-CR.

The State filed a petition for discretionary review of the intermediate appellate court's ruling. On April 18, 2012, the Texas Court of Criminal Appeals reversed the judgment of the court of appeals and remanded the case to the appeals court to consider petitioner's remaining claims. *Menefield v. State*, PD-1161-11.

On June 20, 2012, the Seventh Court of Appeals, after considering petitioner's two remaining grounds, affirmed petitioner's conviction in an unpublished opinion. *Menefield v. State*, No. 07-10-0378-CR. Petitioner did not seek further direct review of his conviction and sentence by filing a petition for discretionary review.

On May 9, 2013, almost eleven (11) month later, petitioner filed a state application for a writ of habeas corpus challenging his conviction and sentence, such application being file-marked May

20, 2013.[1] On July 31, 2013, the Texas Court of Criminal Appeals dismissed the application as noncompliant under Rule 73.1 of the Texas Rules of Appellate Procedure.[2] *In re Menefield*, App. No. WR-74,194-02.[3]

On August 26, 2013, petitioner filed a second state habeas application challenging his conviction, such application being file-marked September 16, 2013.[4] On November 13, 2013, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Menefield*, App. No. WR-74,194-03.[5]

On April 8, 2014, petitioner filed a federal habeas application challenging his state conviction and sentence, such application being file-marked April 15, 2014.[6] On June 17, 2014, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. Petitioner filed a response to respondent's motion on July 14, 2014, however, such response did not address the limitations issue nor did it argue the timeliness of petitioner's federal habeas application.

---

[1] *See Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex.Crim.App. 2010) (pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk)).  The state habeas application does not include a verification indicating when petitioner placed his application in the prison mail, however, until provided evidence to the contrary by either party, this Court will use the date indicated on the Inmate's Declaration.

[2] Rule 73.1 requires that state habeas petitions be submitted on a particular form and that an applicant provide all information required by the form.

[3] The record does not reflect any clarification by the state court as to the manner in which the habeas application was not compliant with the court's procedural rules, however, petitioner's subsequent application indicates the prior application was non-compliant because "[t]he grounds [were] not set out on the prescribed form."

[4] Again, the state habeas application does not include a verification indicating when petitioner placed his application in the prison mail, however, until provided evidence to the contrary by either party, this Court will use the date indicated on the Inmate's Declaration.

[5] This application was somewhat similar in content to petitioner's previous application which was dismissed as non-compliant.

[6] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (habeas applications are deemed filed on the date an inmate tenders the petition to prison officials for mailing).

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction was affirmed on direct appeal on June 20, 2012. Petitioner did not file a petition for discretionary review, consequently, his conviction became final on July 20, 2012, when the 30-day time period for filing a petition for discretionary review expired. *See Mark v. Thaler*, 646 F.3d 191 (5th Cir. 2011). Therefore, any federal habeas application challenging petitioner's conviction was due, absent any tolling, on or before July 22, 2013.[7]

The time during which a "properly filed" application for State post-conviction is pending will statutorily toll the limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's first state habeas application, filed May 9, 2013, was dismissed July 31, 2013 by the Texas Court of Criminal Appeals as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure, meaning the Texas court dismissed petitioner's application for failing to follow the state's procedural filing requirements. A state writ application dismissed by the state courts pursuant to Rule 73.1 is not "properly filed" within the meaning of section 2244(d)(2) so as to statutorily toll the AEDPA statute of limitations. *See Broussard v. Thaler*, 414 Fed.Appx. 686 at *3 (5th Cir. 2011) (Texas requires compliance with Rule 73.1 as a prerequisite to consideration of the merits of an applicant's claims, federal courts must defer to state court determinations that a petitioner failed to follow filing requirements, and such applications are not "properly filed" so as to toll the AEDPA statute of limitations); *Davis v. Quarterman,* 342 Fed.Appx. 952 at *1 (5th Cir. Aug. 27, 2009), *cert. denied sub nom Major-Davis v. Thaler*, 558 U.S. 1153, 130 S.Ct. 1152, 175 L.Ed.2d 983 (2010) (state habeas application not filed in conformity with Rule 73.1 indicated the Texas Court of Criminal Appeals did not review the application and petitioner's application was not "properly filed" so as to

---

[7]The time period expired on a Saturday, consequently, the deadline was extended to the first Monday following the expiration of the time period. *See* Fed. R. Civ. Proc. 6(a).

toll the limitations period under the AEDPA).  Petitioner's second application, filed August 26, 2013, was filed over a month after the expiration of the limitations period and neither of petitioner's state habeas applications operated to toll the limitations period.  As the statutory tolling provisions for state habeas actions are not applicable, petitioner's federal habeas application, filed April 8, 2014, is time barred.

Even if this Court were to statutorily[8] toll the 1-year statute of limitations, which began July 21, 2012, for the time during which *both* of petitioner's state habeas applications were pending (May 9, 2013 - July 31, 2013, or 84 days, and August 26, 2013 - November 13, 2013, or 80 days), petitioner's federal habeas application would have to have been filed on or before January 2, 2014.  The federal petition was not filed until April 8, 2014, over three (3) months after that date.  Consequently, petitioner's federal habeas application is time barred under any applicable scenario.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent WILLIAM STEPHENS be GRANTED, and that the petition for a writ of habeas corpus filed by petitioner BILLY DON MENEFIELD be dismissed as time barred.

---

[8]Petitioner has not argued this Court should *equitably* toll the limitations period.  However, the AEDPA statute of limitations is subject to equitable tolling, *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010), and a petitioner is "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that AEDPA is subject to equitable tolling "in rare and exceptional circumstances").  A petitioner bears the burden of proving he is entitled to equitable tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Here, any argument to equitably toll the limitations period would appear to be foreclosed by *Koumjian v.Thaler*, 383 Fed.Appx. 966, 968-69 (5th Cir. Aug. 8, 2012) (even if an extraordinary circumstance prevented timely filing, a significant delay in filing precludes a finding of diligence and application of equitable tolling).  Petitioner waited almost eleven months (June 20, 2012 to May 9, 2013) to file his state habeas application, waited almost a month before refiling a compliant state petition, and then, after the denial of his state petition on the merits, waited almost five (5) months (November 14, 2013 to April 8, 2014) to file his federal habeas petition.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __8th__ day of October 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).